# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RONNIE FRANK NICHOLSON, JR.,**

    Plaintiff,

    -vs-                                      **Case No. 16-CV-310**

**SCOTT ECKSTEIN and BRIAN MILLER,**

    Defendants.

## DECISION AND ORDER

On March 25, 2016, the plaintiff filed a motion asking the Court for an order allowing him to pay the filing fee in full with funds from his prison release account. However, the plaintiff did not include a copy of his prison trust account statement with his motion. As a result, on April 29, 2016, the Court directed the plaintiff to submit a certified copy of his prison trust account statement for the six months prior to him filing his complaint so that the Court could evaluate whether the plaintiff had sufficient funds in his release account to pay the full filing fee. The Court also gave the plaintiff the opportunity to file a petition for leave to proceed without prepayment of the filing fee.

The Court received the plaintiff's prison trust account statement on May 6, 2016, and can now consider the plaintiff's motion. The Court notes an inconsistency in the plaintiff's motion. In the introductory paragraph,

he asks for permission to pay the filing fee, in its entirety, from funds in his release account. Then, in numbered paragraph eight, the plaintiff "asserts that it is his desire to use funds available within his release account once the institution has deducted the $15.75 currently available in his regular account." (ECF No. 4 at 2). Finally, in a paragraph beginning "Wherefore," the plaintiff seeks permission to use funds in his release account to pay the $400.00 filing fee, but then qualifies his statement by asking "that said release account funds only be deducted after Nicholson's regular account funds have been depleted.

The PLRA requires courts to collect filing fees from "prisoner's accounts." 28 U.S.C. § 1915(b). As stated in *Doty v. Doyle*, 182 F. Supp. 2d 750 (E.D. Wis. 2002):

> the courts have found that when a prisoner's general fund has insufficient funds to pay filing fees, both the . . . Wisconsin PLRA . . . and the . . . federal PLRA . . . authorize the courts to order that the money in a prisoner's release be made available for that purpose. *Spence v. Cooke*, 222 Wis. 2d 530, 537 (Ct. App. 1998); *Spence v. McCaughtry*, 46 F. Supp. 2d 861 (E.D. Wis. 1999). (All the same, in deference to the Wisconsin public policy behind release accounts, judges of this district do not routinely look to prisoners' release accounts when they assess initial partial filing fees under the federal PLRA, *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001), although they will do so upon request from the prisoner, as in *Spence v. McCaughtry*.) *Id.* at 751.

The plaintiff's prison trust account statement reveals that he has sufficient

- 2 -

Case 2:16-cv-00310-PP   Filed 05/13/16   Page 2 of 4   Document 7

funds to pay the filing fee in full from his release account, and the Court respects the plaintiff's choice to use his release funds to pay the filing fee. Given the inconsistencies in the plaintiff's requests, the Court will allow the plaintiff to pay up to the $400.00 filing from his release account. The Court will leave to the plaintiff and the institution the details regarding the amount, if any, to come from the plaintiff's regular account before tapping into the release account. The Court will allow the plaintiff additional time to request the disbursement of funds from his release account.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for order granting plaintiff permission to pay filing fee in full with funds from release account (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, upon the plaintiff's request, the warden at the correctional institution where the plaintiff is incarcerated may withdraw a total of $400.00 from the plaintiff's release account and forward that sum to the Clerk of this Court as the filing fee in this action. Such payment is to be made within 21 days of the date of this order.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden at Redgranite Correctional Institution.

Dated at Milwaukee, Wisconsin, this 13th day of May, 2016.

          **BY THE COURT:**

          */s/ Rudolph T. Randa*
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**