# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**RONNIE FRANK NICHOLSON, JR.,**

        Plaintiff,

    -vs-                             **Case No. 16-CV-310**

**SCOTT ECKSTEIN and BRIAN MILLER,**

        Defendants.

---

## DECISION AND ORDER SCREENING COMPLAINT AND DISMISSING CASE

---

The plaintiff, Ronnie Frank Nicholson, Jr., a state prisoner, is representing himself. He filed a civil complaint alleging that the defendants denied him access to the courts when they seized his legal documents from another inmate. Dkt. No. 1. The plaintiff has paid the full filing fee.

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). A complaint that offers "labels and conclusions," however, or "formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citation omitted).

- 2 -

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## A.     The Allegations in the Complaint

The plaintiff alleges that, at some time in the past, his skin was disfigured when he was sprayed with chemical agents and then not allowed to shower for three days. Dkt. No. 1 at 2. While the plaintiff was an inmate at Columbia Correctional Institution (Columbia), he sought out the assistance

- 3 -

of a jailhouse lawyer, Benjamin Biese, to help him bring a deliberate indifference claim against prison officials. The plaintiff gave Biese all of his legal documents so Biese could become familiar with the facts of his case, conduct research to determine the plaintiff's legal claims, and prepare a complaint. Id. Before he was able to prepare the plaintiff's complaint, however, Biese was transferred from Columbia to Redgranite Correctional Institution. Id. The plaintiff was not able to retrieve his documents from Biese before his transfer; Biese had approximately 200 pages of the plaintiff's legal documents. Id. at 2-3.

The plaintiff corresponded with Biese for seven months, and eventually became dissatisfied with the assistance Biese was providing. At that time, the plaintiff wrote to Biese and asked him to return the plaintiff's legal documents. Initially, Biese did not respond to the plaintiff's request, but Biese eventually told the plaintiff that he would return his documents via the United States Postal Service. The plaintiff continued to write and implore Biese to return his documents, but he did not get them back. The plaintiff eventually learned that there were other inmates who had been relying on Biese who did not receive any results. Id. at 3.

Ultimately, the plaintiff spoke to his housing unit social worker at Columbia about the situation, and she told the plaintiff she would see what could be done about the situation. The social worker told the plaintiff that the prison officials at Redgranite intended to look into the matter and would

- 4 -

report their findings back to her. Id. The social worker was able to obtain legal files and documents for two other inmates, but she provided the plaintiff with only twenty pages of his legal documents. Id. at 4.

The plaintiff again wrote to Biese and requested that he return all of the plaintiff's legal documents, but the plaintiff never heard back from Biese. In 2011, the plaintiff was transferred to Redgranite, but Biese already had been transferred to Waupun Correctional Institution. Id.

On or about April 19, 2014, another inmate named Randy Mataya, who previously had been at Columbia with the plaintiff and Biese, arrived at Redgranite. Mataya asked the plaintiff if he had been able to get anywhere with his lawsuit after he got his file back from Biese. The plaintiff told Mataya that "Biese had not returned [the plaintiff's] legal files and as a result he was unable to pursue his claims." Id.

Mataya told the plaintiff that he had just been at Waupun with Biese, and that Biese said the plaintiff had the "police" at Redgranite search his room and property for the plaintiff's legal documents when all Biese was trying to do was help the plaintiff. Id. Mataya also told the plaintiff that Biese said that defendant Eckstein (then deputy warden at Redgranite) and a "white shirt" had taken three stacks of the plaintiff's documents from Biese's property and that he had not seen the plaintiff's documents since. Id. at 5.

After talking to Mataya, the plaintiff wrote directly to defendants Eckstein and Miller (who was a captain at Redgranite), and inquired about

- 5 -

the whereabouts of his legal documents. Eckstein did not respond, but Miller summoned the plaintiff to a common area and questioned him regarding why he was asking about legal documents taken from Biese. The plaintiff explained that some of the documents belonged to him. Miller informed the plaintiff that he had never taken any documents from Biese or Biese's property. Id.

The plaintiff was not satisfied with Miller's statements. He set out to determine whether his documents had been recovered by Eckstein and Miller only to be destroyed or not returned, "or whether he was simply on another wild goose chase." Id. at 6.

Several months after the plaintiff spoke to Miller, the plaintiff met an inmate named Lee who had just arrived from Waupun. Lee had been searching for the plaintiff because he possessed several of the plaintiff's documents, given to him by Biese, who had heard the plaintiff was at Redgranite. Lee confirmed that Eckstein and Miller had taken control of Nicholson's documents. Lee even had e-mails exchanged among the plaintiff's social worker, Eckstein and Miller. The e-mail notified the social worker that the plaintiff's documents were taken from Biese's property. Id.

The plaintiff alleges that Eckstein and Miller deprived him of access to the courts when they removed his legal documents from Biese's property but did not return them to the plaintiff. Id. at 7. The plaintiff submits that he was prejudiced by this, because the statute of limitations on his Eighth

- 6 -

Amendment claim expired during the time when Eckstein and Miller withheld his documents. Id. (The plaintiff also explains that the Eighth Amendment claim he'd wanted to file was based on his being sprayed with chemical agents and denied a shower for over three days, which resulted in permanent discoloration of his skin. Id. ) The plaintiff seeks declaratory relief and compensatory and punitive damages.

**B.     Analysis**

To state a valid access-to-the-courts claim, a plaintiff must minimally allege both that prison officials failed to help him prepare and file meaningful legal papers, and that he lost a valid legal claim or defense because of the challenged conduct. See Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir.2009); Marshall v. Knight, 445 F.3d 965, 969 (7th Cir.2006). The obligation of prison officials to help prisoners prepare and file legal papers is not literal, and may be satisfied by, for example, providing access to a law library. See In re Maxy, 674 F.3d 658, 660 (7th Cir.2012); McCree v. Grissom, 657 F.3d 623, 623–24 (7th Cir.2011).  The complaint must contain some information connecting the alleged denial of access to legal materials and the unfavorable legal result complained of. Ortiz, 561 F.3d at 671; Tarpley v. Allen County, Ind., 312 F.3d 895, 899 (7th Cir.2002).

The plaintiff has not alleged sufficient facts to support a claim that Eckstein or Miller prevented the plaintiff from filing a complaint regarding his Eighth Amendment claim of being sprayed with chemical agents and

- 7 -

then denied a shower. The plaintiff alleges that *Biese* was the one who took and held his documents, not Eckstein or Miller. The plaintiff believes, based on what inmate Lee told him, that at some point (it is not clear when), some of the documents Biese had taken came into the possession of Eckstein and Miller. Even accepting this allegation as true, it is not clear how this prevented the plaintiff from filling out a complaint form alleging raising an Eighth Amendment claim. A plaintiff does not have to make legal arguments, or lay out legal theories, in a complaint. All a plaintiff must do in a complaint is lay out the plaintiff's personal knowledge of what happened—just as he has done in this complaint. Even if Biese (or someone else) had his documents, or if his documents had been lost or destroyed, the plaintiff still knew the story of what happened to him with regard to being sprayed with chemicals, being denied the right to shower, and suffering skin discoloration. He could have laid out that story in a complaint, even without whatever papers were in the possession of others.

The court will not allow the plaintiff to proceed on his access to courts claim, and will dismiss the complaint for failure to state a claim.

The court **ORDERS** that this case is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

The court further **ORDERS** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

The court further **ORDERS** that the clerk of court shall enter

- 8 -

judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and

determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 5th day of August, 2016.


BY THE COURT:

HON. PAMELA PEPPER
United States District Judge