# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RONNIE FRANK NICHOLSON, JR.,**

        Plaintiff,

v.                           **Case No. 16-cv-310-pp**

**SCOTT ECKSTEIN and
BRIAN MILLER,**

        Defendants.

---

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION (DKT. NO. 12)

---

On August 5, 2016, the court issued an order dismissing the plaintiff's complaint for failure to state a claim. Dkt. No. 9. The court entered judgment on August 8, 2016. Dkt. No. 10. On August 18, 2016, the plaintiff filed a motion for reconsideration. Dkt. No. 12. He argues that the court's dismissal of his complaint was premature. Id. at 2. He asserts that the court should have permitted him to amend his complaint to properly plead that the documents confiscated and destroyed were crucial or essential to his contemplated litigation. Id. He maintains that, based solely on his recommendation, he could not adequately set forth facts relating to his claim. Id. He says the confiscated documents contained notes, dates, times and names of defendants responsible for his injury. Id.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered

1

evidence." <u>Obriecht v. Raemisch</u>, 517 F.3d 489, 494 (7th Cir. 2008) (citing <u>Sigsworth v. City of Aurora</u>, 487 F.3d 506, 511-12 (7th Cir. 2007)). Further, "[m]otions under Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered." <u>Id.</u> Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." <u>In re Prince</u>, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff does not meet the standard for the court to alter or amend its judgment under Rule 59(e). The plaintiff's complaint alleged that through a long series of events, two corrections officers prevented him from having access to his documents detailing his being sprayed with a chemical agent and then not allowed to shower. Dkt. No. 9 at 7-8. He alleged that he couldn't file a complaint about the spraying incident without his documents, and thus that the corrections officers denied him his right to access to the courts. In the current motion, he specifies that the documents contained his notes, the dates and times of the injury, and the names of the officers responsible for the injury. Dkt. No. 12 at 2.

The court first notes that the plaintiff could have explained, in his complaint, that the documents contained notes, dates, times and names—he didn't, and he doesn't explain why. More important, however, the fact that the plaintiff did not have the exact dates and times of the alleged spraying incident, and the names of the people responsible, did not mean that the plaintiff could not file a complaint. He could have filed a complaint stating that, at some point in time (he could've given a general time frame), unknown people sprayed him

2

with chemical agents (or allowed him to be sprayed) and then denied him the ability to shower for three days, and that his skin was disfigured as a result. He then could have used the discovery process to learn, from the prison files, the relevant dates, times and names of the defendants. The plaintiff mistakenly believed, years ago, that he needed more details before he could file a §1983 complaint; that does not mean that the defendants who he claimed denied him access to his *documents* denied him access to the *courts*. The court did not make a manifest error of law when it dismissed the plaintiff's complaint, and the plaintiff presented no newly discovered evidence with his current motion. See Obriecht, 517 F.3d at 494.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 22nd day of August, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

3

Case 2:16-cv-00310-PP   Filed 08/22/16   Page 3 of 3   Document 13